UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL VERNSEY,

                                        Plaintiff,

        against                                          Civil Action # 9:20-CV-00992
                                                         (DNH/ATB)
DIANE TOURON and KIM RICHARDS,

                                        Defendants.

_____

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

_____

                                        O'CONNOR  FIRST
                                        *Attorneys for Defendants*
                                        *Diane Touron and Kim Richards*
                                        20 Corporate Woods Boulevard
                                        Albany, New York 12211

1

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**...……………………………………………...…………..2

**FACTS AND PROCEDURAL HISTORY**……………….………………………………….2

**POINT I**: PLAINTIFF'S CLAIMS UNDER 43 U.S.C. §1983 ALLEGING DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED AGAINST DIANNE TOURON AND KIM RICHARDS SHOULD BE DISMISSED, AS THE PLAINTIFF RECEIVED THOUGHTFUL GOOD QUALITY MENTAL HEALTH CARE FROM THEM, THEY WERE NEVER INDIFFERENT TO HIS CONCERNS, AND HE DID NOT HAVE A SERIOUS MEDICAL/MENTAL HEALTH NEED……………………………………………...2

**CONCLUSION**…………………………………………………………………………11

## TABLE OF AUTHORITIES

<u>**CASES**</u>

<u>Alster v. Goord</u>, 745 F. Supp. 2d 317, 334 (S.D.N.Y. 2010).........................................10

<u>Bennett v. Care Correction Solutions Med Contractor</u>, 2017 W.L. 1167325 at p. 8
(M. Judge McCarthy, S.D.N.Y. March 24, 2017)..................................................11


<u>Brooks v. Hogan</u>, (2021 WL 1091380) (Judge Sannes USDC NDNY March 22, 2021).........4, 6

<u>Bruno v. City of Schenectady</u>, 727 Fed. App'x 717, 720 (2d Cir. 2018)............................5

<u>Better v. Town of Schodack</u>, 169 A.D.2d 965 [3d Dept. 1991]..................................2, 3, 4

<u>Campanello v. NYCDOC Commissioner Joseph Ponte</u>,
W.L. 4122705, at p. 4 (M. Judge Francis, S.D.N.Y. August 22, 2017)............................7

<u>Charles v. Orange County</u>, 925 F.3d 73, 87 (2d Cir. 2019)...........................................5

<u>Cruz v. Corizon Health Inc.</u>, W.L. 4535040 at p. 6 (Judge Seibel S.D.N.Y. August 29, 2016).....4

<u>Darnell v. Piniero</u>, 849 F.3d 17, 29 (2d Cir. 2017)..........................................2, 3, 5, 7

<u>Davis v. McCready</u>, 283 F. Supp. 3d 108, 121 (S.D.N.Y. 2017).....................................7

<u>Demata v. New York State Correctional Department Health Services</u>,
198 F.3d 233 (2d Cir. 1999) (internal citations omitted)........................................9, 10

<u>Grimaldi v. County of Putnam</u>, 529 F Supp 3d. 88 (2021)...........................................6

<u>Helijas v. CMC</u>, WL 5374124 (Judge Suddaby, NDNY September 26, 2016).....................5

<u>Jumpp v. Simonow</u> WL 4861440 (Judge Dooley, D. Conn, July 20, 2020)........................4

<u>Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (internal citation omitted)</u>...................3

<u>Jones v. Westchester County Department of Corrections</u>,
557 F. Supp. 2d 408, 413 (S.D.N.Y. 2008).....................................................3, 4

<u>Kucharczyk v. Westchester County</u>, 95 F. Supp. 3d 529, 537 (S.D.N.Y. 2015)...................8

<u>Mastroinni v. Reilly</u>, 602 F. Supp. 2d 425, 436 (E.D.N.Y. 2009)...................................8

Matos v. Gomprecht,
2012 W.L. 1565615, at 8 (M. Judge Orenstein, E.D.N.Y. February 14, 2012)...................10, 11

Randle v. Alexander, 960 F. Supp. 2d 457, 481 (S.D.N.Y. 2013).......................................9

Randolph v. Kalies, 2021 WL 5605557 (M. Judge Dancks NDNY November 10, 2021)...........6

Salahuddin v. Goord,
467 F.3d 263, 279-280 (2d Cir. 2006) (citations omitted) (emphasis added)........................3

Sonds v. St. Barnabas Hospital Correctional Health Services,
151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001)..........................................................7

Veloz v. New York, 339 F. Supp. 2d 505, 525 (SDNY 2004).........................................7

## PRELIMINARY STATEMENT

The defendants, Dianne Touron, mental health counselor and Kim Richards, FMPHNP (moving defendants), respectfully request an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting their motion for summary judgment and dismissing the plaintiff's complaint in its entirety and with prejudice.

## FACTS AND PROCEDURAL HISTORY

For a statement of the relevant facts and procedural history, the Court is respectfully referred to the affidavit of Anne M. Hurley, sworn to on the 1st day of July, 2022, along with the attached exhibits, and the affidavit of Dianne Touron, sworn to on the 3rd day of March, 2022 and the affidavit of Kim Richards sworn to on the 7th day of March, 2022, with attached exhibits, and the Statement of Material Facts.

## POINT I

**PLAINTIFF'S CLAIM UNDER 43 U.S.C. §1983 ALLEGING DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED AGAINST DIANNE TOURON AND KIM RICHARDS SHOULD BE DISMISSED, AS THE PLAINTIFF RECEIVED THOUGHTFUL GOOD QUALITY MENTAL HEALTH CARE FROM THEM, THEY WERE NEVER INDIFFERENT TO HIS CONCERNS, AND HE DID NOT HAVE A SERIOUS MEDICAL/MENTAL HEALTH NEED.**

"To establish an unconstitutional denial of medical care under §1983, a pretrial detainee must establish a serious deprivation and a culpable state of mind" Darnell v. Piniero, 849 F.3d 17, 29 (2d Cir. 2017).

It is submitted that the plaintiff's Fourteenth Amendment medical indifference claim must be dismissed for any of several reasons: 1) the record establishes that the plaintiff never presented with any serious medical or mental health issues, 2) the evidence establishes that the defendants provided complete and appropriate mental health care, 3) there was never a risk, much less a

2

substantial risk, of serious harm, 4) the plaintiff's claims essentially amount to disagreement over proper treatment and, therefore, do not give rise to a constitutional violation, and 5) the proof demonstrates that both defendants acted at all times with an appropriate state of mind.

Under Darnell v. Pineiro, *supra*, such a claim by a pretrial detainee is typically analyzed under a two-prong standard. The objective prong of deliberate indifference analysis is the same as that which applies to a convicted prisoner under the Eighth Amendment, Id., at 30. To satisfy the objective requirement, the Second Circuit requires two inquiries: "the first inquiry is whether the prisoner was actually deprived of adequate medical care. As the Supreme Court has noted, the prison official's duty is only to provide reasonable medical care . . . Second, the objective test asks whether the inadequacy of medical care is sufficiently serious. This inquiry requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause." Salahuddin v. Goord, 467 F.3d 263, 279-280 (2d Cir. 2006) (citations omitted) (emphasis added).

Deprivation of medical treatment is "sufficiently seriously" if the injury or illness is one where there is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (internal citation omitted). "Factors relevant to the seriousness of a medical condition include whether a reasonable doctor or patient would find it important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic substantial pain." Salahuddin, *supra* at 280.

"Prison officials are not obligated to provide inmates with whatever care the inmates desire. Rather, prison officials fulfill their obligations under [the Constitution] when the care provided is reasonable." Jones v. Westchester County Department of Corrections, 557 F. Supp. 2d 408, 413

(S.D.N.Y. 2008).

In the present case, the record before this court amply establishes that Ms. Touron's responses to the plaintiff's several requests were appropriate exercises of her professional judgment. See Brooks v. Hogan, (2021 WL 1091380) (Judge Sannes USDC NDNY March 22, 2021). Additionally, her decisions were well supported not only by the reports of corrections officers and their shift logs, but also by the level of activity demonstrated by plaintiff's telephone activity, electronic communications, personal hygiene, participation in group therapy, college courses, and training programs. Most significant are plaintiff's admissions during his pretrial deposition of his very high level of activity. Thus, the defendants did not "place[d] an unreasonable risk of serious harm to the plaintiff" and therefore summary judgment is appropriate. See Jumpp v. Simonow WL 4861440 (Judge Dooley, D. Conn, July 20, 2020). As the Jumpp court noted, the seriousness of the condition is evaluated in the context of "whether the condition...significantly affects daily activities, and whether the illness or injury inflicts chronic and substantial pain." Id. In the present matter, plaintiff fails on both fronts, even by his own testimony. Indeed, all of the credible evidence establishes quite the opposite. Moreover, to deny summary judgment would be tantamount to displacing the professional judgment of these two practitioners with the baseless self-diagnosis of plaintiff.

The record before this Court amply demonstrates that the plaintiff's complaints do not "rise to the level of a condition of urgency producing 'death, degeneration, or extreme pain.'" Cruz v. Corizon Health Inc., W.L. 4535040 at p. 6 (Judge Seibel S.D.N.Y. August 29, 2016), finding no evidence to satisfy the "sufficiently serious portion of the objective standard where the plaintiff suffered a 20-pound weight loss, loss of sleep, migraines, and fear.") The record before this Court lacks any evidence establishing that the purported deprivation of mental health attention caused

4

any harm to the plaintiff. Indeed, the opposite is apparent, given the documents and observations of the plaintiff's activities of daily living throughout the incarceration at issue. As such, it is established that there is no evidence from which a reasonable factfinder could conclude that this plaintiff suffered any "sufficiently serious" harm due to the defendants' alleged failure to address his purported mental health conditions. As plaintiff cannot meet the objective prong of the Fourteenth Amendment analysis, his claim must be dismissed. Compare Helijas v. CMC, WL 5374124 (Judge Suddaby, NDNY September 26, 2016).

As to the mens rea prong, a pretrial detainee must prove that "the defendant/official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Darnell, supra, at 35. "[A]n official does not act in a deliberately indifferent manner towards an arrestee unless the official 'acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.'" Bruno v. City of Schenectady, 727 Fed. App'x 717, 720 (2d Cir. 2018). Whether the defendant knew or should have known of the substantial risk of harm to the detainee can be demonstrated by the evidence, including circumstantial evidence. See, Charles v. Orange County, 925 F.3d 73, 87 (2d Cir. 2019).

The record before this court soundly disproves the plaintiff's contention that Ms. Touron or Ms. Richards was indifferent. Each request he made for attention received a prompt and thorough analysis, not only by the providers, but the corrections staff as well. Plaintiff's level of activity, interactions in person, by phone and electronic communications, his involvement in jail

5

programs like college courses and game night are the polar opposite of what a serious mental need would reflect.

In this regard, Randolph v. Kalies, 2021 WL 5605557 (M. Judge Dancks NDNY November 10, 2021) is particularly instructive. Although an Eighth Amendment case, the Randolph plaintiff alleged that the defendants were deliberately indifferent to his mental health needs. In granting the defendants' motion for summary judgment, the Court noted that records showed "Plaintiff had been resting comfortably throughout the day, there were no reports of any disruptive sleep behaviors throughout the night, he was not tearful or crying, he had not engaged in any self-harming behaviors, he had no behavioral issues, he had been eating all meals and had been socializing with his peers. Plaintiff was talkative and engaged..." Id. Essentially, the health care providers found his behavior incongruent with his claim of serious mental health disturbance, even after suicidal posturing and attempts.

In addressing the motion, The Court noted that an erroneous treatment decision does not necessarily equate to deliberate indifference. Given the proof that Randolph was observed by multiple individuals and received the attention he requested, the Court found the treatment to be "reasonable, appropriate and based on their professional judgment" and therefore falling short of the deliberate indifference standard. Id. at p.6. As the Randolph plaintiff went on to suicide attempt and other self-harm, the conclusion reached is all the more compelling in the present case.

Additionally, the Randolph Court specifically noted "Plaintiff's subjective belief that 'more' should have been done for him is insufficient to establish deliberate indifference." Id. (citations omitted). See also, Brooks v. Hogan, supra. These principals are likewise applied to the Fourteenth Amendment claims of the pretrial detainee in Grimaldi v. County of Putnam, 529 F Supp 3d. 88 (2021).

It is well settled that "[i]nmates do not have a right to choose a specific type of treatment." Veloz v. New York, 339 F. Supp. 2d 505, 525 (SDNY 2004). "[A]ny Section 1983 claim for a violation of due process requires proof of a mens rea greater than mere negligence." See, Darnell, 849 F.3d at p. 36). The bare fact that the plaintiff is an inmate or pretrial detainee does not transform a malpractice claim into a constitutional claim. Sonds v. St. Barnabas Hospital Correctional Health Services, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001); Davis v. McCready, 283 F. Supp. 3d 108, 121 (S.D.N.Y. 2017). As Darnell and its progeny amply establish, "something more than negligence is needed to elevate a claim of medical misconduct to a constitutional tort." Id.

In the present case, this plaintiff refused the care offered by these professionals, refused the medications provided, and essentially disagrees with their well-considered professional opinions, falling far short of a constitutional deprivation, much less proof of negligence.

Even assuming this plaintiff could satisfy the objective prong of the analysis (but see, supra), "the subjective prong of an inadequate medical care claim under the Fourteenth Amendment requires that the defendant knew, or should have known, of an excessive risk of the plaintiff's health or safety and intentionally or recklessly disregarded that risk." Campanello v. NYCDOC Commissioner Joseph Ponte, W.L. 4122705, at p. 4 (M. Judge Francis, S.D.N.Y. August 22, 2017) (citations omitted) (emphasis added).

While plaintiff claims that Ms. Touron and Nurse Richards disregarded his requests for mental health counseling sessions and did not address his concerns regarding his level of happiness at the jail, these claims are wholly conclusory and refuted by the competent admissible evidence. In fact, the record before this Court clearly establishes quite the opposite. The plaintiff's activities of daily living, participation in jail programs, game night, college courses, appetite, personal

7

hygiene, and communications inside and outside jail were particularly robust. They are in fact inconsistent with any degree of distress, much less a "serious" need.

Additionally, the evidence establishes that every request for mental health attention was received, reviewed, analyzed, and investigated by the mental health team, which includes those corrections officers who have regular and meaningful contact with the plaintiff. The records of these corrections officers, their observations of the plaintiff, the plaintiff's own activities in communicating with and interacting with people both inside and outside of the St. Lawrence County Jail amply belie the plaintiff's assertion that he was suffering from any significant mental health distress. Indeed, the opposite is well established. Any distress that the plaintiff had was correctly and appropriately assigned to his post-addiction withdrawal syndrome, a condition with which the defendants are well acquainted. This is further consistent with the court-ordered mental health assessment conclusions reached, also appended to the affidavit of Dianne Touron.

Based on this record, no reasonable factfinder could conclude that the defendants intentionally or recklessly failed to act with reasonable care to mitigate any risk posed by the plaintiff's purported mental health condition. While plaintiff alleges that the defendants should have acted sooner in prescribing antianxiety medication, notwithstanding the fact that the plaintiff's presentation belied the appropriateness of such medications up until that time, the question of whether the defendants should have identified the risk posed is at best an issue of medical malpractice or negligence, and does not rise to a constitutional violation, even if it were inappropriate (But see accompanying affidavits). See, Mastroinni v. Reilly, 602 F. Supp. 2d 425, 436 (E.D.N.Y. 2009); Kucharczyk v. Westchester County, 95 F. Supp. 3d 529, 537 (S.D.N.Y. 2015). Moreover, plaintiff himself rejected the anti-anxiety medication prescribed by Nurse Richards, despite her best efforts to address his concerns.

8

To the extent that the plaintiff believes that different treatment would remedy his unhappiness, this belief does not amount to inadequate medical care, as the plaintiff's claims constitute nothing more than mere disagreement with the defendants' treatment plan, which is not actionable under Section 1983. See, Randle v. Alexander, 960 F. Supp. 2d 457, 481 (S.D.N.Y. 2013). It remains that disagreements over medications, diagnostic techniques, forms of treatment or the need for specialists are not adequate grounds for a claim under Section 1983. See, Id.

Plaintiff's claims of deliberate indifference are further undermined by the fact that the plaintiff refused to take the medications that were ultimately prescribed for him, despite the fact that he was promptly provided with all of the information necessary, including the potential for side effects, which he specifically requested. This further underscores the conclusion that plaintiff's claims are merely disagreement with the defendants' professional judgment.

In view of the fact that the plaintiff received two different medications, was evaluated by two different mental health professionals on multiple occasions following his subjective report of multiple personality disorder, no reasonable jury could find that the plaintiff's complaints of mental health issues were ignored, or that he was deprived of adequate care, even when those newly developed claims were found to be specious.

As the record indicates, the plaintiff was seen for mental health evaluation by mental health nurse practitioner Kim Richards, who prescribed two different medications. Ultimately, the plaintiff declined both medications. As discussed infra, "although a delay in providing necessary medical care may in some cases constitute deliberate indifference, this Court has reserved such a classification for cases in which, for example, officials deliberately delayed care as a form of punishment, ignored a 'life threatening and fast degenerating' condition for three days; or delayed major surgery for over two years." Demata v. New York State Correctional Department Health

Services, 198 F.3d 233 (2d Cir. 1999) (internal citations omitted).

The record before this Court establishes that the plaintiff's condition was in no way "life threatening" nor did it deteriorate as the result of any purported delay. Further, the plaintiff's well documented activities of daily living, readily observable and corroborated by the reports of corrections officers to the mental health unit, amply rebut any claimed deterioration of the alleged condition throughout the time at issue. See generally, Alster v. Goord, 745 F. Supp. 2d 317, 334 (S.D.N.Y. 2010), finding that a seven-month gap in treatment was reasonable given the plaintiff's condition during the purported delay.

Additionally, the record amply demonstrates that the defendants did not withhold medical treatment as a form of punishment. Indeed, quite the opposite is true, as the plaintiff continued to make use of various rehabilitation programs, group therapy sessions, educational opportunities, and opportunities to communicate with friends and family outside of the jail throughout the months at issue. Even at the point at which the plaintiff made the unfounded claim of multiple personality disorder, his activity level remained remarkably high, his interactions with corrections officers, fellow prisoners, friends and family on the outside, remained unusually robust as well. This evidence amply refutes the plaintiff's claim that the defendants were intentional or reckless or disregarded an excessive risk to his mental health needs. The record before this Court amply demonstrates that the defendants neither disregarded an excessive risk to plaintiff's mental health, nor did they act with a reckless state of mind. As such, the subjective element of the Fourteenth Amendment claim is amply refuted by the record before this Court.

It is well established that a medical professional who exercises judgment to "administer a course of treatment . . . deemed in the best interests of [the] patient consistent with the available resources," a claim of deliberate indifference essentially must fail. See, Matos v. Gomprecht, 2012

W.L. 1565615, at 8 (M. Judge Orenstein, E.D.N.Y. February 14, 2012).

The plaintiff was monitored by dozens of corrections officers on a daily basis for mental health issues.  Additionally, every time he made a request for mental health services, each request was evaluated, considered, investigated, and dealt with in an individualized fashion.  Thus, plaintiff's claim that his complaints were ignored is amply refuted by the record, which establishes that the defendants did not ignore the plaintiff's complaints, but rather, monitored and treated the plaintiff's condition in a correct and appropriate fashion.  See, Bennett v. Care Correction Solutions Med Contractor, 2017 W.L. 1167325 at p. 8 (M. Judge McCarthy, S.D.N.Y. March 24, 2017).

## CONCLUSION

For the above stated reasons, it is submitted that the plaintiff was not deprived of care, that he never presented with any serious issues, that all care was administered conscientiously and appropriately, and the plaintiff's disagreement with the care he received does not amount to a constitutional issue.  As such, plaintiff's complaint against these defendants should be dismissed in its entirety.  As no reasonable jury could find in the plaintiff's favor on these facts, an order of dismissal is warranted.

DATED:     July 1, 2022
           Albany, New York

O'CONNOR FIRST

By: _____
       ANNE M. HURLEY
       Bar Roll No. 103024
       *Attorneys for Defendants*
       *Diane Touron and Kim Richards*
       20 Corporate Woods Boulevard
       Albany, New York 12211

11

**CERTIFICATION OF WORD COUNT**
**Pursuant to Uniform Rule 202.8-b**
**LENGTH OF PAPERS**

The foregoing Memorandum of Law in Support of Motion for Summary Judgment has 2,967 words.  Relying on the word-processing system used in preparation of this document, I hereby certify that it complies with the word count limit.

DATED:        July 1, 2022

Respectfully submitted,

O'CONNOR, O'CONNOR,
BRESEE & FIRST, P.C.

BY: _____
ANNE M. HURLEY, ESQ.
20 Corporate Woods Boulevard
Albany, New York 12211
Tel:    518-465-0400